**ARTISAN DEVELOPMENT, DIVISION OF KAISER AETNA, Plaintiff,**

v.

**MOUNTAIN STATES DEVELOPMENT CORPORATION, Defendant.**

**ARTISAN DEVELOPMENT, DIVISION OF KAISER AETNA, Plaintiff,**

v.

**C. C. PACK, Defendant.**

Nos. C-1-74-516, C-1-75-71.

United States District Court, S. D. Ohio, W. D.

June 4, 1975.

John P. Pinney, Graydon, Head & Ritchey, Cincinnati, Ohio, for plaintiff.

Robert G. Stachler and Thomas Y. Allman, Taft, Stettinius & Hollister, Cincinnati, Ohio, for defendants.

OPINION and ORDER

DAVID S. PORTER, District Judge.

In an Opinion and Order filed May 30, 1975 (doc. 22), this Court granted defendant Mountain States Development Corporation's motion to transfer Case No. C-1-74-516 to the United States District Court for the Eastern District of Tennessee, Northern Division, at Knoxville, Tennessee. In that Opinion and Order we inadvertently failed to rule on a similar motion which had been filed by defendant C. C. Pack (doc. 5) in the companion case (i. e., Case No. C-1-75-71). The two cases

both arise out of the same basic transactions and occurrences, involve essentially the same operative facts, and should—it is agreed—eventually be consolidated.[1]

Each defendant (i. e., Mountain States in Case No. C–1–74–516, and C. C. Pack in Case No. C–1–75–71) originally filed a separate motion to dismiss or, in the alternative, to transfer (docs. 8 and 5, respectively). But subsequent submissions by defendants in support of the transfer issue were filed jointly—that is, a single reply memorandum and a single supporting affidavit were submitted on behalf of both defendants. This was accomplished by the simple expedient of a dual caption; and it was feasible since the issues were essentially the same in each case, the cases were appropriate for consolidation, and both defendants were represented by the same counsel. Plaintiff Artisan Development responded to the two separate transfer motions by submitting a single, dual-captioned, memorandum contra (doc. 10). It is thus apparent that our Opinion and Order of May 30, 1975, should also have been addressed to Case No. C–1–75–71 and the transfer motion of defendant Pack.

Accordingly, for reasons set out in our aforementioned opinion and because the cases are appropriate for consolidation, we conclude that Case No. C–1–75–71 should also be transferred to the Eastern District of Tennessee, Northern Division, at Knoxville, Tennessee, and it is so ordered.

One further point regarding the above-mentioned cases should perhaps be clarified at this time. As noted earlier, motions to dismiss (for lack of jurisdiction and improper venue) were pending in both cases along with the alternative motions for transfer. Although the motions to dismiss were not orally argued, there were memos pro and con. On the basis of the authorities cited in the plaintiff's memos, we think it clear that the motions to dismiss were not well taken. Thus, since we overlooked noting this in the earlier opinion, we hereby deny the motions to dismiss.

---

1. Of course, the respective parties do not agree as to where the cases should be consolidated.